UNITED STATES of America,
Plaintiff—Appellee,

v.

John David Johnson WHITE,
Defendant—Appellant.

United States of America,
Plaintiff—Appellee,

v.

John David Johnson White,
Defendant—Appellant.

Nos. 08–10109, 08–10115.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 19, 2008.*

Nov. 21, 2008.

Michael Allen Lee, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

David S. Eisenberg, Phoenix, AZ, for Defendant–Appellant.

Before: HALL, FERNANDEZ and THOMAS, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**450**

■

MEMORANDUM **

John White appeals his jury conviction for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). White also appeals the revocation of his supervised release term for the same conduct. We affirm the conviction and revocation. Because the parties are familiar with the facts of the case, we do not recite them here.

■ White asserts that the district court erred in admitting evidence obtained pursuant to what he alleges is an invalid investigatory stop under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We reject this argument. A stop may be supported by reasonable suspicion "[d]espite a possible innocent explanation for every police observation." *United States v. Tiong*, 224 F.3d 1136, 1140 (9th Cir.2000). Under the totality of the circumstances test, the officers reasonably responded to a tip that a man was holding a rifle at 2 a.m. in the parking lot of a nightclub that had experienced multiple gunfire reports in the weeks preceding the incident. "[W]e allow intrusive and aggressive police conduct without deeming it an arrest in those circumstances when it is a *reasonable* response to legitimate safety concerns on the part of the investigating officers." *Washington v. Lambert*, 98 F.3d 1181, 1186 (9th Cir.1996); *see also Terry*, 392 U.S. at 24, 88 S.Ct. 1868. The officers' actions in drawing their weapons and handcuffing White during their investigation were reasonable steps to protect officer safety. Because the officers actions constituted a valid *Terry* stop, the officers were not required to have probable cause to arrest White at the time of the stop.

R.App. P. 34(a)(2).

■ White also asserts that the district court erred in admitting statements he made before he was formally arrested. He argues the statements were made pursuant to a custodial interrogation and, therefore, admitted in violation of his *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). This argument also fails. " 'Interrogation,' as conceptualized in the *Miranda* opinion, must reflect a measure of compulsion above and beyond that inherent in custody itself." *Rhode Island v. Innis*, 446 U.S. 291, 300, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). "The fact that statements made by an officer may have struck a responsive chord, or even that they may have constituted subtle compulsion is insufficient to find that they were the functional equivalent of interrogation." *United States v. Foster*, 227 F.3d 1096, 1103 (9th Cir.2000) (quoting *United States v. Moreno–Flores*, 33 F.3d 1164, 1169–70 (9th Cir. 1994)).

Here, White does not identify any particular statement that was admitted erroneously. White initiated the conversation with the officers, and to the extent they replied, the officers were simply responding to White's questions and demands. The record is void of any designed effort by the officers to elicit any incriminating response from White. *See id.* at 1102–1103. White's statements were voluntary, were not made pursuant to any custodial interrogation and, therefore, were properly admitted. *See Innis*, 446 U.S. at 300, 100 S.Ct. 1682.

AFFIRMED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.